[Civ. No. 12283. First Dist., Div. Two. Jan. 26, 1943.]

F. E. MARSH, Respondent, v. ARCH RIB TRUSS COMPANY, LTD. (a Corporation), Appellant.

Hahn, Graf & Ross for Appellant.

Carlos G. White and White, Wakefield, Leighton & White for Respondent.

NOURSE, P. J.—Plaintiff sued and had judgment upon a complaint framed in two causes of action—the first pleading an oral contract of employment, the second pleading in general terms the indebtedness of defendant for services rendered.

The defendant appeals from the judgment on the grounds that the evidence is insufficient to support the judgment, that its general manager was without authority to make the contract, and that the contract is too uncertain to permit any recovery.

The trial court found that the contract of employment was executed as pleaded in the complaint, and as admitted by defendant; that it called for payment to plaintiff of commissions based upon seven and one-half percent of the net amount paid to defendant from business and contracts secured by plaintiff after deducting cash discounts and allowances made by defendant upon the gross sum of said business and contracts. Accepting the evidence offered by defendant taken from its books and records the trial court found that the net amount so paid to defendant was about $164,000, that plaintiff's commissions thereon amounted to $12,000, of which sum approximately one-half had been paid. The judgment for the balance was approximately $2,000 less than the sum sued for. The evidence offered by the plaintiff would have supported a judgment for the full amount.

Upon these facts there can be no argument that the findings are not supported. They are based upon appellant's concessions of the execution of the contract, the evidence of the rate of commissions agreed to be paid, and of the full performance on the part of the respondent. The showing from

appellant's books and records was sufficient proof of the volume of business done and the profits received under the contract. It was because of appellant's failure to comply with respondent's demand to produce all its books that respondent was unable to prove, by evidence in the possession of his adversary, that the full amount sued for was due. For these reasons there is no merit in appellant's contention that, because the findings and judgment did not conform with the complaint and the testimony of respondent, the award of a sum less than that sued for is not justified.

■ Secondly, it is argued that the general agent of the appellant was without authority to execute the contract of employment giving respondent "a share of the net profits of the business." The appellant refers to this party as the general "agent." He was the president of the corporation and testified that he was its general manager. The authority of a general manager to compensate an employee upon a commission basis can not be disputed. (*Greve* v. *Taft Realty Co.*, 101 Cal. App. 343, 353 [281 P. 641].) The same case disposes of the argument that the contract purported to give respondent an interest in the net profits of the corporation. The trial court found that the parties agreed that the commissions should be estimated upon the net selling price of the business procured by respondent, after deducting from the contract price the cash discount and cash allowance to the customers. It is immaterial that some negotiations were had, or even that some promises may have been made, relating to allowing respondent a percentage of the net profits of the corporation, in addition to the commissions agreed upon.

■ Finally, it is argued that the contract is too uncertain to permit any recovery. This is based upon the claim that the evidence is in conflict as to the precise manner of estimating the commissions due respondent. Since the trial court based the judgment upon the evidence offered by appellant, and upon the theory advanced by its counsel, there is no basis for a claim of error.

The judgment is affirmed.

Spence, J., concurred.